# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| HUMBERTO JERADO RUEDA, ) | |
| ) | |
| Movant, ) | |
| ) | Case No. 14-4080-CV-C-FJG |
| v. ) | Crim. No. 12-4039-01-CR-C-FJG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, filed on March 24, 2014). Movant pled guilty, without a plea agreement, to both counts in the above-captioned criminal case on October 1, 2012, and was sentenced on July 18, 2013, to 108 months of imprisonment, to run concurrently, on Count One of the indictment (conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine) and Count Two of the indictment (distribution of 50 grams or more of a mixture and substance containing methamphetamine). Written Judgment was entered on July 22, 2013. On January 13, 2014, movant filed an untimely notice of appeal. The Eighth Circuit denied the appeal as untimely in Eighth Circuit case no. 14-1121, with the mandate issuing on April 1, 2014.

Movant asserts four grounds of ineffective assistance of counsel: (1) counsel failed to properly advise him of his constitutional rights resulting in an involuntary and unknowing guilty plea; (2) counsel failed to assure there was an adequate factual basis for the guilty plea; (3) counsel failed to provide him an opportunity for a full allocuation;

and (4) counsel failed to file a timely notice of appeal.

## STANDARD

To establish a claim for relief based upon ineffective assistance of counsel, movant must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Movant must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## JUDGMENT

The Court has reviewed movant's motion (Doc. No. 1), respondent's opposition (Doc. No. 9), movant's response (Doc. No. 11), and the record in the underlying criminal case, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition. In particular, the Court finds that (1) movant's claim that his guilty plea was not entered into knowingly and voluntarily is refuted by the record during the October 1, 2012 change of plea hearing; (2) an adequate factual basis for the guilty plea was established during the change of plea hearing; (3) movant's claim he was denied the right to allocution is refuted by the record, as the Court specifically asked

Rueda if he had something to say, and Rueda allowed his counsel to speak on his behalf (Sent. Tr. 8-9); and (4) movant's claim that counsel was ineffective because counsel failed to file a timely notice of appeal is unsupported by the record. In Rueda's response to the motion to dismiss his appeal, Rueda provided the Eighth Circuit a copy of a purported fax dated July 24, 2013, sent to defense counsel indicating Rueda wanted to appeal. The fax, however, contains a transaction report section indicating that the fact had not been sent, showing "Send error: Re-send error page(s)." See Ex. B. to Doc. No. 9. No other evidence shows that a timely request was made of counsel to file a notice of appeal.

Therefore, movant's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed March 24, 2014, is **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

Date:  August 7, 2014         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri         Fernando J. Gaitan, Jr.
                              United States District Judge